M. W. Ferguson et al. v. J. W. Dougherty.

Bills and Notes—Notice of Protest.

Where a notary, upon diligent inquiry, obtained the information that the indorser of a bill lived without the city limits, the depositing of notice of protest in the post office, which was post-paid and addressed to the surety, on the evening of the day the bill was protested, shows sufficient diligence on the part of the notary in giving the notice.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 10, 1874.

OPINION BY JUDGE PETERS:

Duncan, the notary public who protested the bill, proves he did not know the residence of appellant; that when he delivered the notice to Welman, the endorser of the bill, he enquired for appellant, and Welman informed him he was at the Willard Hotel; he went there and enquired for him, was informed he was not there, and had not been there; he then looked at the city directory to ascertain his residence, which was there given "On Shelbyville Pike, near city limits," and having learned from Mr. Ferguson's acquaintances that he resided outside of the city limits, he deposited the notice in the postoffice, postage paid, in Louisville, directed to appellant, on the evening of the day the bill was protested, about 5 or 6 o'clock.

If the notary had known that appellant resided in the city it would have been his duty to have delivered the notice to him in person; but he states he did not know that fact, and he exercised due and reasonable diligence to ascertain his residence, and to notify him of the dishonor of the bill. At least, the course he pursued with the information he had, after the diligence he exercised to ascertain the residence of appellant, is sufficient to discharge him.

And perceiving no errors in the ruling of the court below in giving and refusing instructions, let the judgment be affirmed.

*Pirtle & Caruth, for appellants.*

*Seymour & Abbott, for appellee.*